UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL L MCKAY, *et al.*, | § |
| | § |
| Appellants, | § |
| VS. | § CIVIL ACTION NO. H-09-1108 |
| | § |
| JAMES C. ROLLINGS | § |
| & MARJORIE P. BRITT, | § |
| | § |
| Appellees. | § |

## MEMORANDUM AND ORDER

This case is again before the Court on an appeal from the bankruptcy court. The issue for decision is whether economic sanctions were properly imposed by the bankruptcy court against two attorneys, Daniel McKay and Raymond A. Krell.

The same issue was previously appealed from the bankruptcy court in Civil Action No. 4:08-cv-1196. In that appeal, this Court vacated the sanctions and remanded the case for further findings of fact and conclusions of law ("Remand Order"). (Dkt. No. 15.) No additional testimony was taken, but the bankruptcy court did issue supplemental findings of fact. (Case No. 04-315511-H3-7, Dkt. 212, hereafter "Findings.") Rather than expressly issuing new conclusions of law, the bankruptcy court made reference to its earlier Memorandum and Order. (Dkt. No. 155.) Finally, the bankruptcy court issued a Supplemental Judgment reinstating the sanctions. (Dkt. No. 213.) For the reasons that follow, the award of sanctions must again be vacated.

### I.     JURISDICTION AND STANDARD OF REVIEW

This Court's jurisdiction and standard of review were set forth in the Remand Order and need not be restated.

## II. FACTS AND PROCEEDINGS BEFORE THE BANKRUPTCY COURT

The pertinent facts and proceedings before the bankruptcy court were also set forth in the Remand Order. In brief, the bankruptcy court imposed sanctions on McKay and Krell, as well as Christian Sternat, who served as bankruptcy counsel. Sternat never appealed. McKay was sanctioned both for a request for discovery in the main bankruptcy case and a suggestion of newly discovered evidence in an adversary proceeding. Krell was sanctioned only for the latter.

## III. DISCOVERY SANCTIONS

As to the request for discovery, in the Remand Order, this Court noted that:

> In this instance, the record appears to be lacking any evidence to suggest that McKay had knowledge of bankruptcy law or practice. Rather, the record strongly suggests that McKay simply relied on Sternat with respect to bankruptcy. McKay would not seem to have any basis for knowing whether discovery in the main bankruptcy case could be served after deadlines had passed in adversary proceedings. Neither would he necessarily know that, in a chapter 7 proceeding, the chapter 7 Trustee is typically vested with responsibility for identifying and pursuing assets of the Debtor estate.

(Remand Order at 5-6.)

The Supplemental Findings do not provide sufficient facts to reach a different conclusion. Specifically, although the record does reflect that McKay assisted Sternat in drafting the discovery documents (Findings at 3), that, in itself, can be understood as assisting Sternat in deciding on the subjects to be covered in discovery. There is no evidence that he knew what he was doing was improper. The fact that Debtor appeared on three different occasions for examination pursuant to Bankruptcy Rule 2004 (Findings at 2-3) could be understood to mean that all pertinent questions had already been asked, but it could equally well be understood to mean that more than the usual discovery was

appropriate in the main bankruptcy proceeding. The Findings do make reference to a protective order in the pending state court litigation (Findings at 2) as to which McKay was definitely involved, but a violation of a state court order must be taken up, at least in the first instance, with the state court. Also, even if McKay sought discovery in the bankruptcy court for use in the state court, there is no evidence that he knew that this was deserving of sanction. In truth, such discovery efforts, though arguably improper, are quite common in bankruptcy court when there is a parallel proceeding in state court. In the Findings, the bankruptcy court does state that it found "unpersuasive and not credible McKay's assertion that he relied on Sternat's bankruptcy experience and expertise on discovery matters" (Findings at 9), but this Court, having read the entirety of the transcript and the exhibits from the hearing on Debtor's motion for sanctions, and having heard oral argument, cannot find adequate support for this conclusion.

### IV. SANCTION FOR MOTION AS TO NEWLY DISCOVERED EVIDENCE

The "Motion to Present Newly Discovered Evidence, Or in the Alternative Motion for Reconsideration" (the "Motion") was filed after the bankruptcy court had orally ruled that the clients represented by Krell and McKay were not creditors of the Debtor, and, additionally, that they had not shown grounds to deny Debtor a discharge of pre-petition debts. The Motion was, however, filed before the bankruptcy court had issued its written memorandum and order as to these issues. The Motion was not withdrawn by the time of the issuance of the memorandum and order.

Once again, this Court is unable to find support for the conclusion that either McKay or Krell acted in bad faith or had done more than rely on Sternat. The question of whether their clients had creditor status had been resolved against them in an oral ruling

in the bankruptcy court proceeding, but the pending state court had not been dismissed and could conceivably result in a judgment in favor of their clients. Similarly, the question of whether the evidence alleged to be "newly discovered" really was newly discovered does not appear to lead to such an obvious answer that the Motion's filing, or its non-withdrawal, should be sanctionable. At least one person who had visited the relevant venue had reported to Sternat that the drawworks in question did appear to be missing. Contrary to Debtor's argument, this communication is not objectionable as hearsay because it was offered, not for the truth of the matter asserted, but only to show that such a report had been made to Sternat. *See* Affidavit of Christopher G. Coyle, Exhibit B to Response to Debtor's Motion for Sanctions (Dkt. No. 121 in Bk. Ct.). Conscientious lawyers would have reason to worry about the prospect that, if their clients obtained a substantial judgment in state court, the Debtor might have by then rendered himself judgment proof.

It is certainly true that, in a Chapter 7 such as the one in which Debtor is involved, the Trustee does have the primary responsibility to marshal assets and to prevent or set aside improper transfers. But the sanctioned attorneys had just completed a lengthy hearing as to whether the Debtor should be denied a discharge from pre-petition debts because of his allegedly improper conduct. That they wished to bring an allegedly improper transfer to the court's attention prior to the issuance of written findings of fact and conclusions of law is not sanctionable. Neither is their failure to withdraw the challenged submission prior to their having the opportunity personally to verify that it should be withdrawn.

## V. CONCLUSION

No one would suggest that the referenced litigation in the state court or bankruptcy court has represented our profession at its best. Quite the contrary, in its entirety, the litigation is emblematic of much that is wrong with the system.

This Court very much hopes that parties and their counsel can put past differences behind them and work toward a resolution that, although not fully satisfactory to anyone, allows all involved to find more productive use of their time. This Court fully understands and sympathizes with the bankruptcy court's concerns about both the length and the nature of the proceedings.

The sanctions imposed by the bankruptcy court upon McKay and Krell are **VACATED**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on this 11th day of August 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE